IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL NO. 06-CR-427 (JCC)
                              )
ROBERT T. SCHOFIELD           )
                              )
          Defendant.          )
```

### MEMORANDUM OPINION

This matter is before the Court on Defendant's motions to strike surplusage from the indictment and motion to suppress evidence seized at his residence.  For the following reasons and the reasons stated in open court, the Court will deny Defendant's motion to suppress and grant Defendant's motion to strike surplusage.

### I.  Background

Robert T. Schofield ("Defendant") is a thirty-year federal employee with the Washington District Office of the Customs and Immigration Service.  Defendant served as Assistant Deputy Director of Examinations, where he performed oversight and adjudication of aliens' applications for naturalization as United States citizens.  On June 27, 2006 United States Magistrate Judges for the Eastern District of Virginia and the District of Columbia issued arrest and search warrants for Defendant and Qiming Ye.  The warrants authorized the search of both Defendant's office and residence.  Probable cause was based upon

the sworn affidavit of United States Department of Homeland
Security Agent James Izzard, sworn before Magistrate Judge
O'Grady on June 27, 2006.  The affidavit contained a detailed
account of Defendant's alleged criminal activity, including
statements made by a witness identifying Defendant by name, phone
number and residence as the source of fraudulent immigration
papers.  The affidavit described tape recorded meetings, phone
records, pen registers, and trace devices that showed Defendant
working with a broker to provide false immigration stamps for
payment.  The affidavit also contained information from a
cooperating witness working with the broker directly linking
Defendant to the alleged conspiracy.  After reviewing this
affidavit, Magistrate Judge O'Grady found probable cause for
search and issued a search warrant for Defendant's residence at
11409 Shirley Gate Court, in Fairfax, VA ("residence"), and
office at 2675 Prosperity Avenue, 2nd Floor #5B in Fairfax, VA
("office").

On June 28, 2006 Defendant was arrested at his office
in Fairfax, VA, and signed a consent form to search a shed
located at his personal residence.  During the search agents
obtained various forms of evidence, including, *inter alia,* a
cellular phone, computer, tax records, cash, lists of foreign
names and numbers, registration documents, and various other
forms of documents.  During the search of Defendant's home and

shed, agents discovered a safety deposit box owned by Defendant as well as videos and computer files containing suspected child pornography.  The agents obtained additional search warrants from U.S. Magistrate Judges for each of these items, and searched them.

On October 4, 2006, a grand jury returned a six count indictment of Defendant, charging him with (a) conspiracy to commit immigration fraud; (b) bribery of a public official; (c) fraud and misuse of immigration documents; (d) conspiracy to encourage entry and residence by illegal aliens; (e) encouraging illegal aliens to enter and reside in the United States; and (f) procurement of citizenship and naturalization unlawfully.  A thirty-page indictment was returned, which contained eight general allegations, nine manner and means, and twenty-eight overt acts in the two charged conspiracies.  The grand jury indictment included a detail of Defendant's alleged sexual conduct in the Philippines and Thailand, as well as reference to a handwritten journal and photographs of Defendant with numerous females. (Grand Jury, General Allegations at ¶8).

On October 23, 2006 Defendant filed a motion to suppress the evidence obtained during the search of his residence and a motion to strike surplusage from the Grand Jury Indictment. These motions are currently before the Court.

## II.  Analysis

<u>A.  Motion to Suppress</u>

Determination of probable cause by a magistrate judge is a practical decision based on an evaluation of "all the circumstances set forth in the affidavit...including the "veracity" and "basis of knowledge" of persons supplying hearsay information."  *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983).  The determination is made upon an evaluation of the "totality of the circumstances."  *Id.* at 231-32.  In order to establish probable cause, the facts presented to the magistrate need only "warrant a man of reasonable caution" to believe that evidence of a crime will be found.  *United States v. Williams,* 974 F.2d 480, 481 (4th Cir. 1992)(citing *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)).  The probable cause standard "does not demand showing that such a belief be correct or more likely true than false." *Id.*  A district court reviewing such determination has the duty of ensuring that the magistrate had a substantial basis for concluding that probable cause existed.  *Id.* at 238-39.  However, great deference is given to the magistrate.  *Id.*

<u>i.  Nexus Between the Affidavit and Area Searched</u>

Defendant moves this Court to suppress the search of his residence on the grounds that the underlying search warrant was not supported by probable cause, because it was based on an

-4-

deficient affidavit.  Defendant argues that the affidavit did not establish a sufficient nexus between Defendant's residence and the alleged illegal activity.  A sufficient nexus can exist between a defendant's criminal conduct and his residence "even when the affidavit supporting the warrant 'contains no factual assertions directly linking the items sought to the defendant's residence'".  *United States v. Grossman*, 400 F.3d 212, 217 (4th Cir. 2005)(quoting *United States v. Servance,* 394 F.3d 222, 230 (4th Cir. 2005)).  The nexus between the place to be searched an the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence.  *United States v. Anderson,* 851 F.2d 727, 729 (4th Cir. 1988).

The affidavit issued by Officer Izzard provided, *inter alia*, facts alleging shipment of a package by Defendant to a residence used to make payments for immigration stamps, testimony of an alien that had traveled to the residence in order to obtain false papers, and phone records indicating calls from the residence to suspected co-conspirators.  The affidavit also included a determination by the affiant, based on experience of the officer, that evidence related to the crime would likely be found at Defendant's residence.  All of this evidence provides an ample nexus between the alleged crimes and the residence to satisfy the criteria of *Anderson* and *Gates*.  This Court thereby

-5-

confirms the Magistrate Judge's prior ruling that ample probable cause existed to issue a warrant for search of Defendant's residence and office.  Accordingly, Defendant's motion to suppress will be denied.

> ii.  Alternative Motion to Suppress Evidence Outside the Scope of the Warrant

A search warrant must describe with particularity the things to be seized.  *See Marron v. United States,* 275 U.S. 192 (1927).  The "plain view" exception to this general rule applies when an officer is lawfully present, has lawful access to an object, and the object's incriminating character is immediately apparent. *United States v. Wells,* 98 F.3d 808, 809-10 (4th Cir. 1996).

Defendant argues in the alternative that the search extended the scope of the warrant, and the video tapes seized were outside the scope of search and should be suppressed.  The officers were lawfully present in Defendant's home after executing a valid search warrant, but that warrant did not extend to video tapes.  However, once lawfully in the residence, the officers observed photographs, in plain view, which they believed to be child pornography.  The officers then seized photographs, film, videotapes, and a camera, and obtained an additional warrant from Magistrate Judge Buchanan to review the tapes.  The officers reviewed the tapes, but did not charge the Defendant with child pornography-related offenses and do not intend to

introduce such evidence at trial.  Accordingly, a motion to suppress is not warranted for the video tapes, and Defendant's motion will be denied.

### B. Motion to Strike Surplusage

Federal Rule of Criminal Procedure 7(c)(1) states that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  The Court has discretion to strike surplusage, defined as "any fact or circumstance set forth in the indictment which is not a necessary ingredient of the offense" from the indictment. *United States v. Manginen,* 565 F. Supp. 1024, 1025 (E.D. Va. 1983).  The purpose of this rule is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge."  *United States v. Poore,* 594 F.2d 39, 41 (4th Cir. 1979).

The section of the indictment at issue describes Defendant's alleged sexual conduct in the Philippines and Thailand, as well as reference to a handwritten journal and photographs of Defendant with numerous females. (Grand Jury, General Allegations at ¶8).  However, Defendant was charged with no child pornography or sex crimes, and the Government's only expressed intent is to proffer evidence supporting Paragraph 8 to show Defendant's motive in committing the alleged crimes and his

connections with Southeast Asia.  The language regarding Defendant's sexual activity in Asia is thus not essential to any of the charges against him.  The arguments presented by the Government against striking the language as surplusage relate to the ultimate admissibility of evidence supporting the allegations in Paragraph 8, but offer no explanation as to why the language was necessary in the indictment.

Striking the language from the indictment would have no effect on the Government's ability admit related evidence as proof of motive or connection to Southeast Asia, and would thus not prejudice the Government.  Furthermore, while the danger of unfair prejudice and confusion is somewhat alleviated, as the matter will be heard for a bench trial rather than a jury trial, it still exists.  The Government has shown no legitimate purpose for including the language regarding Defendant's sexual activity in Southeast Asia in the indictment.  Accordingly, Paragraph 8 will be stricken from the indictment as surplusage.

### III.  Conclusion

For the foregoing reasons, and the reasons stated in open court, the Court will deny Defendant's motion to suppress and grant Defendant's motion to strike surplusage.  An appropriate Order will issue.

November 22, 2006          _____/s/_____
Alexandria, Virginia              James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE